UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Chase Mewes, individually, | ) | |
| Misti Mewes, individually and as | ) | |
| Special Administrator of the Estate | ) | |
| of Keaton Mewes | ) | |
| | ) | |
|      Plaintiffs, | ) | |
| v. | ) | Case No.: 15-CV-1019 |
| | ) | |
|  United States of America | ) | |
| Hon. Loretta E. Lynch | ) | |
| Attorney General of | ) | |
| The United States | ) | |
| US Department of Justice | ) | |
| 950 Pennsylvania Ave, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Mr. Steven Wigginton | ) | |
| US Attorney for | ) | |
| Southern Disctrict Of Illinois | ) | |
| United States Attorneys Office | ) | |
| 9 Executive Dr. | ) | |
| Fairview Heights, IL 62208 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Jesse Andrews, RN | ) | |
| 800 East Locust St. | ) | |
| Olney, IL 62450 | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Richland Memorial Hospital, Inc., | ) | |
| d/b/a Richland Memorial Hospital, | ) | |

c/o Registered Agent:        )
David B. Allen            )
800 East Locust Street       )
Olney, IL 62450,          )
                               )
     Defendants.          )

## COMPLAINT

Plaintiffs, Chase Mewes, Misti Mewes and Misti Mewes as Special Administrator of the Estate of Keaton Mewes, Deceased, complaining of Defendant the United States of American under the Federal Torts Claim Act as well as the appropriate Illinois statute and states:

## PROCEDURAL

1.   This medical negligence action arises under the Federal Tort Claims Act (FTCA) ch 646, 62 Stat. 929 (1948).  Venue is proper in this jurisdiction because the acts complained of occurred in this jurisdiction.

2.   On September 30, 2014 the United States District Court for the Southern District of Illinois dismissed 14-cv-oo757-JPG-SCW without prejudice.

3.   A U.S. Department of Justice Standard Form 95 was timely filed with the U.S. Department of Health & Human Services on October 15, 2014 on behalf of each of the three plaintiffs.

4.   On April 8, 2015, the Department of Health & Human Services

denied these claims.

## STATEMENT OF JURSIDICTION

5.    This Court has subject matter Jurisdiction over Rice C Hatten, M.D., Sandra J. Poland, CNM, and Weber Medical Clinic, LTD pursuant to Federal Question Jurisdiction, 28 USC-1331 28 USC-2671 *et. seq.*, commonly known as the Federal Torts Claims Act.

6.    This Court has supplemental jurisdiction over Richland Memorial Hospital and Jesse Andrews, RN, pursuant to 28 USC-1367(a) as the claims against Richland Memorial Hospital and Jesse Andrews, RN, form part of the same constitutional case or controversy as the claims against the United State's defendants Rice C. Hatten M.D., Sandra J. Poland, CNM, and Weber Medical Clinic, LTD, and over which this court has jurisdiction.

## COUNT I

1.    That at all times mentioned herein the Plaintiffs, Chase Mewes and Misti Mewes, were residents of Illinois. Misti Mewes is the duly appointed Special Administrator of the Estate of Keaton Mewes, deceased.

2.    That at the time of his death, Keaton Mewes was 5 days old.

3.    That at all times herein Rise C. Hatten, M.D., was a physician licensed to practice medicine in the State of Illinois and at all times herein

was providing medical services to her patients in Olney, Richland County, Illinois. Further, Rise C. Hatten, M.D., was employed as a physician by the Weber Medical Clinic, Ltd. and at all times herein was acting within the course of and in the scope of her employment.

4. That at all times mentioned herein, Weber Medical Clinic Ltd., was a company located in Olney, Richland County, Illinois, out of which Rise C. Hatten, M.D. provided medical services to the public, including Misti Mewes and Keaton Mewes.

5. That at all times herein, there existed a physician-patient relationship between Rise C. Hatten, M.D., and Misti Mewes and Keaton Mewes and Rice C. Hatten M.D. was an employee of Weber Medical Clinic Ltd.

6. That at all times herein, Sandra J. Poland, CNM, was a midwife (CNM) licensed to practice medicine in the State of Illinois and at all times herein was providing medical services to her patients in Olney, Richland County, Illinois. Further, Sandra J. Poland, CNM was employed as a midwife (CNM) by the Weber Medical Clinic, Ltd. and at all times herein was acting within the course of and in the scope of her employment.

7. That at all times mentioned herein, the Weber Medical Clinic

Ltd., was a company located in Olney, Richland County, Illinois, out of which Sandra J. Poland, CNM provided medical services to the public, including Misti Mewes and Keaton Mewes.

8.     That at all times herein, there existed a midwife (CNM)-patient relationship between Sandra J. Poland, CNM, and Misti Mewes and Keaton Mewes.

9.     This is the case of a 26 year old female, Misti Mewes, who was pregnant with her first child, Keaton L. Mewes in 2012. She had an uncomplicated antepartum/prenatal course except for a +Group B Streptococcus screen, for which she received antibiotics during her labor. The labor started on March 18, 2012 at term. The labor was monitored throughout with external fetal monitoring. The labor was also augmented with a stimulating agent (pitocin) to increase contraction strength and frequency.

10.     At Richland Memorial Hospital, Misti Mewes was followed by midwife, Sandy Poland CNM during her labor, who is an employee of Weber Medical Clinic, Ltd.

11.     There was a prolonged active phase of labor.

12.     Rise C. Hatten, M.D. was called at 0109 on March 19, 2012 for

assistance.

13.    Vacuum assistance was used to deliver Keaton starting at 0122 with delivery at 0141.

14.    Keaton was in the right occiput anterior position.

15.    There was no weight done.

16.    The baby, Keaton Mewes, entered labor with a reassuring (normal) Category 1 FETAL HEART RATE pattern consistent with a healthy normal baby.  This pattern was present throughout the majority of the labor.

17.    Approximately one hour prior to delivery of the baby, Keaton Mewes, exhibited Category III FETAL HEART RATE tracings (fetal distress).  This pattern was characterized by loss of fetal heart rate variability, recurrent variable decelerations, slow recovery of the heart rate and overshoots (or "shoulders") after recovery.  This ominous pattern persisted until delivery at 0141 Hours on March 19, 2012 by vacuum extraction (after four applications).

18.    The baby, Keaton Mewes, was essentially a stillbirth (brain dead) with APGAR scores of 0/0/0 at 1 min./5 min./10 min. after birth. Although a heartbeat was obtained at 20 minutes and the baby transferred to a Level III neonatal care unit (St. Mary's Hospital), evaluation there revealed a

brain dead infant with a clear pattern of hypoxic encephalopathy. This confirmed the baby expired from lack of oxygen during labor and delivery.

19.    No cord gases were done.

20.    The placenta was delivered at 0144 and on pathology it was noted to have 3 vessels and mild acute chorioamnionitis.

21.    Misti Mewes had bilateral vaginal sulcus tears and a midline laceration which extended around the rectal sphincter.

22.    One dose of intramuscular pitocin was administered for uterine atony.

23.    That at said time and place, Rise C. Hatten, M.D., Weber Medical Clinic LTD, and Sandra Poland CNM deviated from the accepted standards of medical care including but not limited to one or more of the following manners:

      a.    Failed to properly evaluate Keaton Mewes;

      b.    Negligently, improperly and unskillfully attended and treated Misti Mewes and Keaton Mewes;

      c.    By ignoring the severe fetal distress (Category III tracings) on the fetal monitor during the last hour of labor;

      d.    By not attempting to perform any intrauterine "resuscitation" maneuvers including discontinuation of labor stimulating agents (pitocin); changes in maternal

position; or oxygen delivery to the mother;

e.   By not performing an emergency cesarean section in a timely manner to prevent further hypoxic harm to the infant (if resuscitation failed); and

f.   Causing the wrongful death of Keaton L. Mewes, due to this lack of proper intervention.

24.   That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of  Rise C. Hatten, M.D., Keaton Mewes died.

25.   That as a further direct and proximate result of one or more of the foregoing acts of negligence on the part of the  Rise C. Hatten, M.D., the Plaintiffs, Chase Mewes and Misti Mewes, and the remainder of Keaton Mewes next of kin, have been deprived of his love, guidance, comfort, affection, happiness, companionship, society, parent-child relationship and future earnings and benefits.

26.   That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of Sandra J. Poland, CNM, Keaton Mewes died.

27.   That as a further direct and proximate result of one or more of the foregoing acts of negligence on the part of the Sandra J. Poland, CNM,

the Plaintiffs, Chase Mewes and Misti Mewes, and for the remainder of

Keaton Mewes next of kin, have been deprived of his love, guidance,

comfort, affection, happiness, companionship, society, parent-child

relationship and future earnings and benefits.

28.    That this Count is brought under the Illinois Wrongful Death

Act.

WHEREFORE, Plaintiffs pray for judgment against the United States

of America in an amount in excess of the minimal jurisdictional amount, plus

costs of suit.

## COUNT II
## (SURVIVAL)

1.  The Plaintiffs repeat and reallege Paragraphs 1-21 of Count I of this

complaint as Paragraphs 1-21 of this Count II with full force and effect as if

pleaded here in full.

2.    As a direct and proximate result of one or more of the

aforementioned acts or omissions of the Rise C. Hatten M.D., the Plaintiffs'

decedent, Keaton Mewes suffered serious injuries of a personal and

pecuniary nature, including, but not limited to, great pain and suffering,

before his death and medical expenses, subjecting the United States of

America to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

3. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Weber Medical Clinic, Ltd., the Plaintiffs' decedent, Keaton Mewes suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering, before his death and medical expenses, subjecting the United States of America to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

4. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Sandra J. Poland, CNM, the Plaintiffs' decedent, Keaton Mewes suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering, before his death and medical expenses, subjecting the United States of America to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Misti Mewes as Special Administrator of the Estate of Keaton Mewes, deceased, against the United States of America, in an amount

necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute, which substantially exceed the minimum jurisdictional amount.

## COUNT III
## (FAMILY EXPENSE)

1.     The Plaintiffs repeat and reallege Paragraphs 1-21 of Count I of this complaint as Paragraphs 1-21 of this Count III with full force and effect as if pleaded here in full.

2.     As a direct and proximate result of one or more of the aforementioned acts or omissions of Rise C. Hatten M.D., the Plaintiff sustained great losses in the form of medical, funeral, and burial expenses.

3.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Weber Medical Clinic Ltd., the Plaintiff sustained great losses in the form of medical, funeral, and burial expenses.

4.     As a direct and proximate result of one or more of the aforementioned acts or omissions of Sandra J. Poland, CNM, the Plaintiff sustained great losses in the form of medical, funeral, and burial expenses.

WHEREFORE, it is respectfully requested that judgment be entered in

favor of the Plaintiffs, Chase Mewes, individually and Misti Mewes

individually, against the United States of America, in an amount to fully and

fairly compensate the Plaintiff for all of her losses compensable under the

terms of the family expense statute under the Right of Married Persons Act,

750 ILCS 65/15, and Illinois common law, which substantially exceed the

minimum jurisdictional amount.

## **COUNT IV**

COMES NOW the Plaintiffs, Chase Mewes and Misti Mewes, by their

attorneys Bill T. Walker, Mark D. Hassakis and Joshua A. Humbrecht of

Hassakis & Hassakis, PC and complaining of the Defendant, Richland

Memorial Hospital, Inc., d/b/a Richland Memorial Hospital and its

independent contractors, agents, servants and employees, and states as

follows:

1.     That Plaintiffs, Chase Mewes and Misti Mewes, at all times

relevant herein, were residents of the State of Illinois.

2.     That at all times mentioned herein,  Rise C.

Hatten, M.D., was and still is a physician, duly licensed to practice under the laws of the State of Illinois, and was/is engaged in the practice of her profession in Olney, Richland County, Illinois.

3.    That at all times herein,  Rise C. Hatten, M.D., was a physician licensed to practice medicine in the State of Illinois and at all times herein was providing medical services to her patients in Olney, Richland County, Illinois.  Further,  Rise C. Hatten, M.D., was employed as a physician by the Weber Medical Clinic, Ltd. and at all times herein was acting within the course of and in the scope of her employment.

4.    That at all times mentioned herein, the  Weber Medical Clinic Ltd., was a company located in Olney, Richland County, Illinois, out of which  Rise C. Hatten, M.D. provided medical services to the public, including Misti Mewes and Keaton Mewes

5.    That at all times herein, there existed a physician-patient relationship between  Rise C. Hatten, M.D., and Misti Mewes and Keaton Mewes.

6.    This is the case of a 26 year old female, Misti Mewes, who was pregnant with her first child, Keaton L. Mewes in 2012.  She had an uncomplicated antepartum/prenatal course except for a +Group B

Streptococcus screen, for which she received antibiotics during her labor. The labor started on March 18, 2012 at term.  The labor was monitored throughout with external fetal monitoring.  The labor was also augmented with a stimulating agent (pitocin) to increase contraction strength and frequency.

7.     At Richland Memorial Hospital, Misti Mewes was followed by midwife, Sandy Poland during her labor, who was an employee of Weber Medical Clinic, Ltd.

8.     There was a prolonged active phase of labor.

9.     Rise C. Hatten, M.D. was called at 0109 on March 19, 2012 for assistance.

10.     Vacuum assistance was used to deliver Keaton starting at 0122 with delivery at 0141.

11.     Keaton was in the right occiput anterior position.

12.     There was no weight done.

13.     The baby, Keaton Mewes, entered labor with a reassuring (normal) Category 1 FETAL HEART RATE pattern consistent with a healthy normal baby.  This pattern was present throughout the majority of the labor.

14.     Approximately one hour prior to deliver the baby, Keaton

Mewes, exhibited Category III FETAL HEART RATE tracings (fetal distress). This pattern was characterized by loss of fetal heart rate variability, recurrent variable decelerations, slow recovery of the heart rate and overshoots (or "shoulders") after recovery. This ominous pattern persisted until delivery at 0141 Hours on March 19, 2012 by vacuum extraction (after four applications).

15.    The baby, Keaton Mewes, was essentially a stillbirth (brain dead) with APGAR scores of 0/0/0 at 1 min./5 min./10 min. after birth. Although a heartbeat was obtained at 20 minutes and the baby transferred to a Level III neonatal care unit (St. Mary's Hospital), evaluation there revealed a brain dead infant with a clear pattern of hypoxic encephalopathy. This confirmed the baby expired from lack of oxygen during labor and delivery.

16.    No cord gases were done.

17.    The placenta was delivered at 0144 and on pathology was noted to have 3 vessels and mild acute chorioamnionitis.

18.    Misti Mewes had bilateral vaginal sulcus tears and a midline laceration which extended around the rectal sphincter.

19.    One dose of intramuscular pitocin was administered for uterine atony.

20.    That at said time and place, Rise C. Hatten, M.D., deviated from the accepted standards of medical care including but not limited to one or more of the following manners:

    a.    Failed to properly evaluate Keaton Mewes;

    b.    Negligently, improperly and unskillfully attended and treated the Plaintiff;

    c.    By ignoring the severe fetal distress (Category III tracings) on the fetal monitor during the last hour of labor;

    d.    By not attempting to perform any intrauterine "resuscitation" maneuvers including discontinuation of labor stimulating agents (pitocin); changes in maternal position; or oxygen delivery to the mother;

    e.    By not performing an emergency cesarean section in a timely manner to prevent further hypoxic harm to the infant (if resuscitation failed); and

    f.    Causing the wrongful death of Keaton L. Mewes, due to this lack of proper intervention.

21.    That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Rise C. Hatten, M.D., Keaton Mewes died.

22.    That as a further direct and proximate result of one or more of the foregoing acts of negligence on the part of the Rise C. Hatten, M.D., the

Plaintiffs, Chase Mewes and Misti Mewes, and for the remainder of Keaton Mewes next of kin, have been deprived of his love, guidance, comfort, affection, happiness, companionship, society, parent-child relationship and future earnings and benefits.

23.     That this Count is brought under the Illinois Wrongful Death Act.

24.     That on or about March 18, 2012, and for a longtime prior and subsequent thereto, the Defendant hospital was a corporation duly licensed and organized and existing under and by virtue of the laws of the State of Illinois, located at 800 East Locust Street, Olney, Illinois 62450, and as such hospital was required to furnish medical facilities and personnel, provide the necessary care and treatment for Plaintiff.

25.     That at all times mentioned herein, Defendant hospital operated, managed and controlled a hospital for the care of the public including Misti Mewes and Keaton Mewes.

26.     That at all times mentioned herein, the Defendant hospital provided personnel, including nurses, RNFAs, doctors, midwifes (CNM), independent contractors, attendants, and others for the care and treatment of patients, including Misti Mewes and Keaton Mewes.

27.     That at all times mentioned herein, the Defendant, Richland Memorial Hospital, Inc., d/b/a Richland Memorial Hospital represented that it provided competent and skilled personnel in the treatment and care of Misti Mewes and Keaton Mewes.

28.     That there was a duty on the part of the Defendant hospital, though its personnel to exercise that degree of care and caution commonly exercised by others in the community.

29.     That there was a duty on the part of the Defendant hospital to provide competent and properly skilled personnel to administer proper and adequate medical care to Misti Mewes and Keaton Mewes, who came to them for delivery, birth, care and treatment and said Defendant, Richland Memorial Hospital, Inc., d/b/a Richland Memorial Hospital deviated from an acceptable standard of care by allowing Keaton Mewes to die.

30.     That the Defendant hospital and its agents, servants, employees, independent contractors were guilty of one or more of the following wrongful acts or omissions;

        a. Failed to provide proper medical care and attention to Misti Mewes and Keaton Mewes;

b. Failed to provide adequate, sufficient and experienced assistance in the care and treatment for Misti Mewes and Keaton Mewes.

c. Failed to take proper and due cognizance of Misti Mewes and Keaton Mewes;

d. Failed to employ proper policies and procedures; and

e. Failed to supervise the care provided to Misti Mewes and Keaton Mewes, while on its premises.

31.    That as a direct and proximate result of one or more or all of the wrongful acts and/or omissions of the Defendant hospital, Richland Memorial Hospital, Inc., d/b/a Richland Memorial Hospital by its personnel, the Plaintiff, Keaton Mewes, died.

WHEREFORE, Plaintiffs, request judgment against Defendant, Richland Memorial Hospital, Inc., d/b/a Richland Memorial Hospital for damages in excess of Fifty-Thousand Dollars ($50,000.00), together with costs of suit, and each other and further relief as the Court may deem proper.

## COUNT V
## (SURVIVAL)

1.    The Plaintiffs repeat and reallege Paragraphs 1-31 of Count VII of

this complaint as Paragraphs 1-31 of this Count VIII with full force and effect as if pleaded here in full.

2.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the United States of America, the Plaintiffs' decedent, Keaton Mewes suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering, before his death and medical expenses, subjecting the Defendant hospital to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Misti Mewes as Special Administrator of the Estate of Keaton Mewes, deceased, against the Defendant hospital, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute, which substantially exceed the minimum jurisdictional amount.

## COUNT VI
## (FAMILY EXPENSE)

1.     The Plaintiffs repeat and reallege Paragraphs 1-31 of Count VII of this complaint as Paragraphs 1-24 of this Count IX with full force and effect

as if pleaded here in full.

2.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant hospital, the Plaintiff sustained great losses in the form of medical, funeral, and burial expenses.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs, Chase Mewes, individually and Misti Mewes individually, against the Defendant hospital, in an amount to fully and fairly compensate the Plaintiff for all of their losses compensable under the terms of the family expense statute under the Right of Married Persons Act, 750 ILCS 65/15, and Illinois common law, which substantially exceed the minimum jurisdictional amount.

## COUNT VII

Count XIII of the Complaint against the Defendant, Jesse Andrews RN, states as follows:

1.     That at all times mentioned herein the Plaintiffs, Chase Mewes and Misti Mewes, were residents of Illinois. Misti Mewes is the duly appointed Special Administrator of the Estate of Keaton Mewes, deceased, a copy of said Order appointing Misti Mewes the Special Administrator is

attached as Exhibit A and incorporated herein (Hereinafter referred to as Misti Mewes).

2.     That at the time of his death, Keaton Mewes was 5 days old.

3.     That at all times herein, the Defendant, Jesse Andrews RN was a nurse licensed to practice medicine in the State of Illinois and at all times herein was providing medical services to patients in Olney, Richland County, Illinois.  Further, Defendant, Jesse Andrews RN was employed as a nurse by the Defendant, Richland Memorial Hospital, Inc. d/b/a Richland Memorial Hospital and at all times herein was acting within the course of and in the scope of said employment.

4.     That at all times mentioned herein, the Richland Memorial Hospital, Inc. d/b/a Richland Memorial Hospital, was a hospital located in Olney, Richland County, Illinois, out of which Defendant, Jesse Andrews, RN provided medical services to the public, including Misti Mewes and Keaton Mewes.

5.     That at all times herein, there existed a nurse-patient relationship between Defendant, Jesse Andrews, RN and Misti Mewes and Keaton Mewes.

6.     This is the case of a 26 year old female, Misti Mewes, who was

pregnant with her first child, Keaton L. Mewes in 2012. She had an uncomplicated antepartum/prenatal course except for a +Group B Streptococcus screen, for which she received antibiotics during her labor. The labor started on March 18, 2012 at term. The labor was monitored throughout with external fetal monitoring. The labor was also augmented with a stimulating agent (pitocin) to increase contraction strength and frequency.

7.     At Richland Memorial Hospital, Misti Mewes was followed by midwife, Sandy Poland CNM during her labor, who is an employee of Weber Medical Clinic, Ltd.

8.     There was a prolonged active phase of labor.

9.     Rise C. Hatten, M.D. was called at 0109 on March 19, 2012 for assistance.

10.     Vacuum assistance was used to deliver Keaton starting at 0122 with delivery at 0141.

11.     Keaton was in the right occiput anterior position.

12.     There was no weight done.

13.     The baby, Keaton Mewes, entered labor with a reassuring (normal) Category 1 FETAL HEART RATE pattern consistent with a healthy

normal baby.  This pattern was present throughout the majority of the labor.

14.    Approximately one hour prior to delivery the baby, Keaton

Mewes, exhibited Category III FETAL HEART RATE tracings (fetal

distress).  This pattern was characterized by loss of fetal heart rate variability,

recurrent variable decelerations, slow recovery of the heart rate and

overshoots (or "shoulders") after recovery.  This ominous pattern persisted

until delivery at 0141 Hours on March 19, 2012 by vacuum extraction (after

four applications).

15.    The baby, Keaton Mewes, was essentially a stillbirth (brain

dead) with APGAR scores of 0/0/0 at 1 min./5 min./10 min. after birth.

Although a heartbeat was obtained at 20 minutes and the baby transferred to a

Level III neonatal care unit (St. Mary's Hospital), evaluation there revealed a

brain dead infant with a clear pattern of hypoxic encephalopathy.  This

confirmed the baby expired from lack of oxygen during labor and delivery.

16.    No cord gases were done.

17.    The placenta was delivered at 0144 and on pathology was noted

to have 3 vessels and mild acute chorioamnionitis.

18.    Misti Mewes had bilateral vaginal sulcus tears and a midline

laceration which extended around the rectal sphincter.

19.     One dose of intramuscular pitocin was administered for uterine atony.

20.     That at said time and place, the Defendant, Jesse Andrews, RN deviated from the accepted standards of medical care including but not limited to one or more of the following manners:

      a.     Failed to properly evaluate Keaton Mewes;

      b.     Negligently, improperly and unskillfully attended and treated Misti Mewes and Keaton Mewes;

      c.     By ignoring the severe fetal distress (Category III tracings) on the fetal monitor during the last hour of labor;

      d.     By not attempting to perform any intrauterine "resuscitation" maneuvers including discontinuation of labor stimulating agents (pitocin); changes in maternal position; or oxygen delivery to the mother;

      e.     By not performing an emergency cesarean section in a timely manner to prevent further hypoxic harm to the infant (if resuscitation failed); and

      f.     Causing the wrongful death of Keaton L. Mewes, due to this lack of proper intervention.

21.     That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, Jesse Andrews RN, Keaton Mewes died.

22.     That as a further direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, Jesse Andrews, RN, the Plaintiffs, Chase Mewes and Misti Mewes, and for the remainder of Keaton Mewes next of kin, have been deprived of his love, guidance, comfort, affection, happiness, companionship, society, parent-child relationship and future earnings and benefits.

23.     That this Count is brought under the Illinois Wrongful Death Act.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, Jesse Andrews, RN in an amount in excess of $50,000.00, plus costs of suit.

### COUNT VIII
### (SURVIVAL)

1.     The Plaintiffs repeat and reallege Paragraphs 1-21 of Count XIII of this complaint as Paragraphs 1-21 of this Count XIV with full force and effect as if pleaded here in full.

2.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, Jesse Andrews, RN, the Plaintiffs' decedent, Keaton Mewes suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering,

before his death and medical expenses, subjecting the Defendant to liability

pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in

favor of the Plaintiff, Misti Mewes as Special Administrator of the Estate of

Keaton Mewes, deceased, against the Defendant, Jesse Andrews, RN, in an

amount necessary to fully and fairly compensate the estate for all losses

compensable under the terms of the Survival Statute, which substantially

exceed the minimum jurisdictional amount.

### COUNT IX
### (FAMILY EXPENSE)

1.    The Plaintiffs repeat and reallege Paragraphs 1-21 of Count XIII of

this complaint as Paragraphs 1-21 of this Count XV with full force and effect

as if pleaded here in full.

2.    As a direct and proximate result of one or more of the

aforementioned acts or omissions of the Defendant, Jesse Andrews, RN, the

Plaintiff sustained great losses in the form of medical, funeral, and burial

expenses.

WHEREFORE, it is respectfully requested that judgment be entered in

favor of the Plaintiffs, Chase Mewes, individually and Misti Mewes

individually, against the Defendant, Jesse Andrews, RN in an amount to fully

and fairly compensate the Plaintiff for all of her losses compensable under

the terms of the family expense statute under the Right of Married Persons

Act, 750 ILCS 65/15, and Illinois common law, which substantially exceed

the minimum jurisdictional amount.


_Bill T. Walker_
Bill T. Walker #02921782
Attorney and Counselor at Law
3388-B Maryville Road
PO Box 1800
Granite City, Illinois  62040
(618) 797-1930
FAX: (618) 797-1935
Lead Counsel for Plaintiff


Mark D. Hassakis #01151452
Attorney at Law
Hassakis & Hassakis, PC
206 South Ninth Street
PO Box 706
Mount Vernon, IL 62864-0015
(618) 244-5335
FAX (618) 244-5330
Co-Counsel for Plaintiff

Joshua A. Humbrecht #6300072
Attorney at Law
Hassakis & Hassakis, PC
206 South Ninth Street
PO Box 706
Mount Vernon, IL 62864-0015
(618) 244-5335
FAX (618) 244-5330
Co-Counsel for Plaintiff